IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ulysses L. Feagin, II, | Case No. 1:24-cv-02099-PAB |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| Warden Shelbie Smith, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Petitioner Ulysses L. Feagin, II's ("Petitioner") Objection (Doc. No. 21) and Supplemental Objection (Doc. No. 22) to the Magistrate Judge's June 11, 2025 Order (the "June 11, 2025 Order"). (Doc. No. 20.) For the following reasons, Petitioner's Objections are overruled. The June 11, 2025 Order is affirmed. Petitioner's traverse is due no later than January 2, 2025.

**I.      Background**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. In his November 18, 2024 Petition, Petitioner asserts thirty-three grounds for relief related to a September 23, 2021 judgment of conviction in the Belmont County Court of Common Pleas. (*See* Doc. No. 1.)

Before Respondent filed his Return of Writ, on March 10, 2025, Petitioner filed a "Motion for Leave to Conduct Discovery Pursuant to Rule 6 of the Rules Governing Section 28 U.S.C. § 2254 and a Motion Directing Respondent to Provide All Counsel Eyes Only Material in Possession of the State" (the "Motion to Conduct Discovery"). (Doc. No. 8.) Therein, Petitioner requested that Respondent provide him with (1) certain dash camera video footage of his arrest, "which was withheld by the prosecutor," and (2) "any and all' 'Counsel Eyes Only Material' in possession of the

State." (*Id.* at PageID #10.) Respondent filed an Opposition on March 20, 2025. (Doc. No. 9.) Petitioner replied on April 3, 2025. (Doc. No. 10.)

On April 11, 2025, Respondent filed her Return of Writ along with the state-court record. (Doc. No. 11.) Therein, Respondent argues, among other things, that the Petition is time barred pursuant to the AEDPA's one year statute of limitations. (*Id.* at PageID #67–74.)

On April 29, 2025, Petitioner filed a "Motion to Compel State Response, to Complete the Record Pursuant to Rule 5, Rules Governing Section 2254 Cases" (the "Motion to Compel"). (Doc. No. 12.) Therein, Petitioner asserts that Respondent failed to include with the Return of Writ all pre-trial hearing transcripts and pro se motions from the state-court record. (*Id.* at PageID #1326–30.) Petitioner also filed a "Motion for Leave to File Instanter Declaration in Support of Motion to Compel" (the "April 29, 2025 Motion for Leave"). (Doc. No. 13.) Respondent filed an Opposition to the Motion to Compel on May 13, 2025. (Doc. No. 14.)

Petitioner replied on May 28, 2025. (Doc. No. 15.) In his Reply, Petitioner also requested "an evidentiary hearing to support his claim of actual innocence" (the "Motion for Evidentiary Hearing"). (*Id.* at PageID #1351.) Respondent did not file an Opposition to this request.

On June 9, 2025, Petitioner filed three additional motions. First, he filed a "Motion for Extension of Time to File Traverse" (the "Motion for Extension"). (Doc. No. 17.) Second, he filed a "Motion for Leave to File Instanter Affidavit in Support of Motion to (sic) Extension of Time" (the "June 9, 2025 Motion for Leave"). (Doc. No. 18.) Third, he filed a "Motion for Stay of June 20, 2025 deadline to file Petitioner's Traverse pending the resolution of the pending Motion for Discovery (Doc. No. 8) and Motion to Compel (Doc. No. 12) that is presently before this Honorable Court pursuant to Rule 7.3 ruling on Motions" (the "Motion to Stay"). (Doc. No. 19.) In the Motion

2

to Stay, Petitioner asserts that "he needs the resolution of the pending Motions . . . in order to adequately provide this Honorable Court with the necessary portion of the record, and the material is vital to support his arguments . . . ." (*Id.* at PageID #1367.)  Respondent did not file any Opposition to these motions.

On June 11, 2025, the Magistrate Judge issued the June 11, 2025 Order denying all of Petitioner's Motions, except for the Motion for Extension, which was granted in part giving Petitioner until July 11, 2025 to file his Traverse.  (Doc. No. 20.)  On June 30, 2025, Petitioner filed his Objection to the June 11, 2025 Order and a "Motion for Extension of Time to Obtain Portions of the Record that Have been Omitted by the Respondent in Violation of Rule 5 Governing 2254 Cases." (Doc. No. 21.)  Therein, Petitioner indicated that he had not received a copy of the June 11, 2025 Order, but filed his Objection to preserve its timeliness, and that he intends to respond directly in his Traverse to the denial of his Motions after receiving a copy of the June 11, 2025 Order.  (*Id.*)

On July 1, 2025, the undersigned issued an Order (1) staying the deadline for Petitioner to file his Traverse; (2) ordering the Clerk of Courts to mail Petitioner a copy of the June 11, 2025 Order; and (3) ordering Petitioner to file a supplement to his Objection by July 22, 2025.

On July 22, 2025, Petitioner filed his Supplemental Objection.  (Doc. No. 22.)  Therein, Petitioner asserts the following objections:

1. "[T]he Petitioner respectfully objects to this court's denial based on the state respondent's erroneous defense that Feagin's Habeas Petition was filed outside of the statute of limitations set under AEDPA."  (*Id.* at PageID #1382, 1389.)

2. "The petitioner also objects to the courts (sic) without scrutinizing the trial record agree (sic) that the state respondent submitted all documents and materials necessary and that the

3

various pro se motion (sic) are not relevant because they were denied by the state court because he was not entitled to engage in hybrid counsel." (*Id.* at PageID #1385.)

3. "Feagin also asserts objections to the denial of his Motion for discovery, and his Motion to compel the Attorney General to provide the record and transcripts necessary to answer the ROW, which the respondent failed to supply under Rule 5 Governing 2254 cases, and Motion for evidentiary hearing." (*Id.* at PageID #1391.)[1]

4. "In response to Order Doc No. 20 PageID 1375, IV. Feagin asserts that the requested stay was to allow the courts (sic) to Rule on the pending Motions, which was necessary in order to determine the next cause of action in relation to the procedures of Habeas Corpus. In addition, the motion for an extension of time was a request to allow an opportunity for petitioner to attempt to acquire the omitted portions of the state record that the respondent refused to provide under Rule 5 Governing 2254 cases, and to expand the record under Habeas Rule 7." (*Id.* at PageID #1391.)[2]

Petitioner did not object to the Magistrate Judge's decision to deny the April 29, 2025 Motion for Leave and the June 9, 2025 Motion for Leave.

Respondent did not file a response to the Objection or the Supplemental Objection. Accordingly, Petitioner's Objection and Supplemental Objection are ripe for review.

## II. Standard of Review

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a de novo review, as it is in relation to a magistrate judge's recommendation as to a dispositive

---

[1] Petitioner's initial Objection was limited to the Motion to Conduct Discovery and the Motion to Compel. Given that Petitioner had not received a copy of the June 11, 2025 Order when he filed the initial Objection, the Court will consider Petitioner's arguments concerning the Motion for Evidentiary Hearing.

[2] The court construes this assertion as an objection to the denial of Motion to Stay and the denial in part of the Motion for Extension. The Court will also consider Petitioner's arguments concerning these Motions. *See supra* n.1.

matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2013 U.S. Dist. LEXIS 34943, at *17 (S.D. Ohio Mar. 13, 2013); *see also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Rather, the Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Curtis*, 237 F.3d at 603; *Alvarado v. Warden, Ohio State Penitentiary*, No. 3:16-CV-2563, 2018 U.S. Dist. LEXIS 188968, at *1–2 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, No. 5:23-cv-693, 2019 U.S. Dist. LEXIS 192021, at *4 (N.D. Ohio Nov. 5, 2019).

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631, 2014 U.S. Dist. LEXIS 149433, at *3 (W.D. Ky. Oct. 17, 2013)).

**III.  Analysis**

    **A.**  **The Court overrules Petitioner's Objections concerning the Motion to Conduct Discovery**

"[U]nlike the usual civil litigant in federal court, [a habeas petitioner] is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of

discovery." *See* Rule 6(a) of the Rules Governing Section 2254 Cases. "Good cause" for discovery exists only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (ellipsis in original). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams*, 380 F.3d at 974. Instead, a habeas petitioner must show good cause for discovery through "specific allegations of fact." *Id*.

In his Motion to Conduct Discovery, Petitioner seeks (1) certain dash camera video footage of his arrest, "which was withheld by the prosecutor," and (2) "'any and all' 'Counsel Eyes Only Material' in possession of the State." (Doc No. 8 at PageID #11.) In the June 11, 2025 Order, the Magistrate Judge found that Petitioner had "not demonstrated good cause by pointing to specific evidence that might be discovered to support his constitutional claims and instead makes only conclusory allegations that discovery might reveal some information that might support a possible constitutional violation." (Doc. No. 20, PageID #1373.) Upon review of the record and Petitioner's Supplemental Objection, the Court finds that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law. The Court finds that Petitioner did not meet his burden to show good cause for the discovery through "specific allegations of fact." *Williams*, 380 F.3d at 974.

First, with respect to the dash camera footage, Petitioner represents in the Motion to Conduct Discovery that he "*believes* that [the] dash camera video will show the Officer's (sic) planting documents in the green backpack" and he "*believes* the vantage point of [the] video will show a clear

6

view of" his arrest. (Doc. No. 8, PageID #13, 15.) Petitioner did not assert what the video will actually show.³ In his Supplemental Objection, Petitioner has still not set forth specific allegations of fact explaining what the video will show. He asserts that the "dash camera video from [the officer's] cruiser *would* show [the officer] removing paper documents" and that "when video is recorded in a different location . . . that video *may* capture events not captured by other videos, in addition to, different perspectives, and new insights into the incident." (Doc. No. 22, PageID #1388.) In sum, while Petitioner may believe that the dash-camera footage is relevant, he failed to meet his burden to show good cause for discovery of the dash-camera footage through specific allegations of fact.

Petitioner's arguments concerning the "Counsel Eyes Only Material" are also speculative. Petitioner represents in the Motion to Conduct Discovery that the "material sought after *may* contain information relevant to claims being raised in [his] petition for habeas relief." (Doc. No. 8, PageID #17.) Moreover, Petitioner makes similar speculative claims in his Supplemental Objection. Petitioner argues that "[t]he material is very necessary in order for [him] to prove deficient performance because the *potential* evidence would help [him] in his assertions . . . and the discoverable material that counsel *may* have failed to utilize . . . ." (Doc. No. 22, PageID #1390.) Petitioner has not explained what this "potential" evidence is or what it will reveal. Thus, he failed to meet his burden to show good cause for this discovery through specific allegations of fact.⁴

---

³ It appears that Petitioner may have a copy of the video. (*See* Doc. No. 8, PageID #11 ("Again Blair's dash-cam video was withheld by the prosecutor and only discovered through discovery exchange involving the civil case").)

⁴ Petitioner's request for the "Counsel Eyes Only Material" fails for a separate reason. In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. "Indeed, the clear trend among district courts in this Circuit is to apply *Pinholster* to limit discovery in habeas proceedings and deny petitioners' requests for discovery of evidence that *Pinholster* would bar from their review." *Fry v. Shoop*, No. 1:19CV2307, 2021 U.S. Dist. LEXIS 238738, at *6 (N.D. Ohio Dec. 7, 2021) (Barker., J.); *accord Maxwell v. Shoop*, No. 1:21-cv-318, 2025 U.S. Dist. LEXIS 52268, at

For these reasons, the Magistrate Judge's decision to deny the Motion to Conduct Discovery was neither clearly erroneous nor contrary to law. Petitioner's Objections concerning the Motion to Conduct Discovery are overruled.

**B.     The Court overrules Petitioner's Objections concerning the Motion to Compel**

Under the Rules Governing Section 2254 Cases, a respondent has discretion to attach to his Answer parts of the record that he considers relevant. *See* Rule 5(c) of the Rules Governing Section 2254 Cases. Pursuant to Habeas Rule 5, a district court may thereafter "order that the respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed or furnished." *Id*. Moreover, Habeas Rule 7 provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." *See* Rule 7(a) of the Rules Governing § 2254 Cases. Habeas Rule 7 "permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition." *Lynch v. Hudson*, No. 2:07-cv-948, 2010 U.S. Dist. LEXIS 58260, at *7 (S.D. Ohio May 24, 2010). Interpreting these Rules, the Sixth Circuit has recognized that expansion of the record in habeas cases "is not mandatory . . . and is left to the discretion of the trial judge." *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988); *see also Beuke v. Houk*, 537 F.3d 618, 653 (6th

---

*236 (N.D. Ohio Mar. 21, 2025) (same); *Obermiller v. Shoop*, No. 1:19CV2193, 2024 U.S. Dist. LEXIS 18328, at *9 (N.D. Ohio Feb. 2, 2024) ("most habeas courts now apply *Pinholster* to discovery and deny petitioners' requests for information that *Pinholster* would bar from their review"); *see also Guysinger v. Buchanan*, No. 20-3285, 2020 U.S. App. LEXIS 22258, at *5 (6th Cir. July 16, 2020) ("In addition, because Guysinger's ineffective-assistance claim was adjudicated on the merits in state court, our review is limited to the record that was before the state court"). Here, *Pinholster* bars Petitioner's request for the "Counsel Eyes Only Material." In his Supplemental Objection, Petitioner asserts that the "Counsel Eyes Only Material" is "material to [his] ineffective assistance of counsel claims, and the claims in this case are fact-intensive and hinge on credibility." (Doc. No. 22, PageID #1390.) Upon review of the record, Petitioner's ineffective-assistance claim was adjudicated on the merits in state court. (Doc. 11-1, PageID #219, *State v. Feagin*, No. 2021-CA-0084, 2022 Ohio App. LEXIS 3420, at *20 (Ohio App. 5th Dist. Oct. 22, 2022) ("Appellant has not demonstrated ineffective assistance of counsel. His fourth and fifth assignments of error are overruled").). Because the Court's "review is limited to the record that was before the state court," *Guysinger*, 2020 U.S. App. LEXIS 22258 at *5, discovery over this material would be inappropriate.

Cir. 2008); *Bates v. Warden, Chillicothe Correctional Institution*, No. 2:14-CV-01325, 2015 U.S. Dist. LEXIS 120591, at *16 (S.D. Ohio Sept. 10, 2015).

Petitioner makes two specific objections regarding the Motion to Compel. Petitioner's first objection is that the Magistrate Judge denied his Motion to Compel "based on the state respondent's erroneous defense that [his] Habeas petition was filed outside of the statute of limitations set under the AEDPA." (Doc. No. 22, PageID #1382.) The Magistrate Judge did not find that the Petition was indeed time-barred and acknowledged that Petitioner "has not yet filed a traverse in which he can respond directly to that argument." (Doc. No. 20, PageID #1374.) Petitioner's arguments concerning the validity of Respondent's statute of limitations defense are not before the Court and are for another day.

Petitioner's second objection appears to be that the Magistrate Judge did not "scrutinize the trial record" when determining that Respondent "submitted all documents and materials necessary" and that the "pro se motion[s] are not relevant." (Doc. No. 22, PageID #1385.) Having reviewed the June 11, 2025 Order, the Court does not find that the Magistrate Judge made such a finding. Indeed, the Magistrate Judge acknowledged that "[i]t may be best practice for Respondent to file all copies of Feagin's pro se motions with the state court record along with the available transcripts." (Doc. No. 20, 1374.) Instead, the Magistrate Judge denied the Motion to Compel because "Respondent has argued that [Petitioner's] petition is time barred" and that it is "unnecessary to supplement the record before making a determination on whether [Petitioner's] Petition is time barred." (*Id.*)

Given that a decision to expand the record is discretionary, the Court finds that the Magistrate Judge's decision to deny the Motion to Compel was neither clearly erroneous nor contrary to law. Petitioner's Objections concerning the Motion to Compel are overruled.

### C. The Court overrules Petitioner's Objections concerning the Motion for Evidentiary Hearing

When a petitioner requests an evidentiary hearing in a Section 2254 case, Rule 8 of the Rules Governing Section 2254 Cases provides that "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citation and quotation marks omitted). Courts must examine whether "an evidentiary hearing can realistically be expected to enable him to prove his factual allegations, which, if true, would entitle him to relief." *Freeman v. Trombley*, 483 F. App'x 51, 66 (6th Cir. 2012). If a petitioner's grounds for relief can be resolved "by reference to the state court record" only, an evidentiary hearing is not required. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Id*. at 460 (quotation omitted).

The Magistrate Judge denied Petitioner's Motion for Evidentiary Hearing for the same reason Petitioner's Motion to Compel—i.e. that it is unnecessary to supplement the record before ruling on Respondent's statute of limitations defense. (Doc. No. 20, PageID #1374.) The Court finds that the Magistrate Judge's decision to deny the Motion for Evidentiary Hearing was neither clearly erroneous nor contrary to law. Petitioner makes the conclusory assertion in his Supplemental Objection that an "evidentiary hearing is very necessary to develop the record and prove the factual allegations that would entitle [him] to relief." (Doc. No. 22, PageID #1391.) Petitioner, however, has not yet filed

his Traverse, and it is possible that the Court could resolve his Petition by reference to the state court record only. Should Petitioner believe that his Petition cannot be resolved by reference to the state court record only, he can make that argument in his Traverse. Accordingly, Petitioner's objections regarding the Motion for Evidentiary Hearing are overruled.

   **D.** **The Court overrules Petitioner's Objections concerning the Motion to Stay and the Motion for Extension**

In the June 11, 2025 Order, the Magistrate Judge found that "what is consistent throughout [Petitioner's] motions is [his] acknowledgment that he feels he cannot yet complete his traverse without the Court's ruling on his pending motions." (Doc. No. 20, PageID #1375.) Because the June 11, 2025 Order resolved Petitioner's pending motions, the Magistrate Judge denied his request for a stay. (*Id.*) The Court finds that the Magistrate Judge's decision was within his discretion and was neither clearly erroneous nor contrary to law. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 726–27 (6th Cir. 2014) ("The power to stay proceedings is incidental to the power inherent in every court . . . and the entry of such an order ordinarily rests with the sound discretion of the District Court").

Any argument Petitioner has regarding the Magistrate Judge's decision to grant him a 21-day extension of time is moot. In the Motion for Extension, Petitioner sought an extension of time of up to 90 days to file his Traverse. Petitioner filed his Motion for Extension on June 2, 2025 (six months ago) and the Court is granting him an additional 30-days to file his Traverse. Petitioner effectively got the request he sought, rendering any argument that Magistrate Judge's decision was clearly erroneous or contrary to law moot. In any event, the Court finds that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law because the decision to grant an extension of time is a decision "left to the discretion of the district court." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 276 (6th Cir. 2023) (citing *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x

11

265, 266–68 (6th Cir. 2009)).

In sum, Petitioner's objections concerning the Motion to Stay and the Motion for Extension are overruled.

## V. Conclusion

For the reasons set forth herein, Petitioner's objections to the June 11, 2025 Order are overruled. The June 11, 2025 Order is affirmed. Petitioner's traverse is due no later than January 2, 2025.

**IT IS SO ORDERED.**

Date: December 3, 2025

           s/Pamela A. Barker
           PAMELA A. BARKER
           U. S. DISTRICT JUDGE